UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:96CV2225SNL |
| | ) |
| RICHARD C. NEISWONGER, ET. AL., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the original motion by movants Stevens and Nope's motion to lift stay as set forth in the Court's *Ex Parte* Temporary Restraining Order with Ancillary Equitable Relief[1] (#54), filed September 11, 2006 and renewed motion to lift stay (#86), filed November 20, 2006; as well as movant Pepper Financial Corp.'s motion for leave to lift stay and maintain suit in the Nevada District Court for the State of Nevada (#110), filed March 13, 2007. Both the Federal Trade Commission (FTC) and the Receiver have filed oppositions to the Stevens and Nope's motion, and the Receiver only has filed opposition to the Pepper Financial Corp.'s motion.

The movants all seek the same thing: to lift the stay imposed by this Court pursuant to Paragraph XXII of the *Ex Parte* Temporary Restraining Order with Ancillary Equitable Relief entered by this Court on July 17, 2006. The movants want the stay lifted in order to pursue state court litigation against defendants Neiswonger and Reed, as well as the Receiver.[2]

---

[1]The Court Order referenced is Court Order #29, filed July 17, 2006.

[2]Movants Stevens and Nope have filed an action in the United States District Court for the District of Nevada entitled J. Daniel Stevens and Charles C. Nope, individually and as

Paragraph XXII of the subject TRO provides:

> A. Except by leave of this Court, during the pendency of the Receivership ordered herein, Contempt Defendants and all customers, principals, investors, creditors, stockholders, lessors, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Contempt Defendants, and all others acting for or on behalf of such persons, including attorneys, trustees, agents, sheriffs, constables, marshals, and other officers and their deputies, and their respective attorneys, servants, agents, and employees be and are hereby stayed from:
>
> 1. Commencing, prosecuting, continuing, entering or enforcing any suit or proceeding, except that such actions may be filed to toll any applicable statute of limitations;
> 2. Accelerating the due date of any obligation or claimed obligation; filing or enforcing any lien; taking or attempting to take possession, custody, or control of any asset; attempting to foreclose, forfeit, alter, or terminate any interest in any asset, whether such acts are part of a judicial proceeding, are acts of self-help, or otherwise; or
> 3. Executing, issuing, serving, or causing the execution, issuance or service of, any legal process, including, but not limited to, attachments, garnishments, subpoenas, writs of replevin, writs of execution, or any other form of process whether specified in this Order or not; or
> 4. Doing any act or thing whatsoever to interfere with the Receiver's taking custody, control, possession, or management of the assets or documents subject to this receivership; or to harass or interfere with the Receiver in any way; or to interfere in any manner with the exclusive jurisdiction of this Court over the assets or documents of the Receivership Defendant.
>
> B. This Paragraph does not stay:
>
> 1. The commencement or continuation of a criminal action or proceeding;
> 2. The commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;
> 3. The enforcement of a judgment, other than a money judgment, obtained in an action or proceeding by a governmental unit to enforce such

---

representatives of a class of plaintiffs similarly situated v. William S. Reed, Richard Neiswonger, Asset Protection Group, Inc., and Does 1-50, inclusive, Case No. 2:06CV01007 KJD-PAL. Movant Pepper Financial Corp. has filed an action in the District Court for Clark County, Nevada entitled Pepper Financial Corp. v. Asset Protection Group, Inc., William S. Reed, Sy Amari, L.L.C., Michael J. Lanier, Stacy Rakisits aka Stacey L. Street, Bank of Nevada, Wells Fargo Bank, Robb Evans & Associates, Kimberly Toy, and Does 1-5, inclusive, Case No. A534602, Dept. XV.

governmental unit's police or regulatory power;

4. The commencement of any action by the Secretary of the United States Department of Housing and Urban Development to foreclose a mortgage or deed of trust in any case in which the mortgage or deed of trust held by the Secretary is insured or was formerly insured under the National Housing Act and covers property, or combinations of property, consisting of five or more living units; or

5. The issuance to a Contempt Defendant of a notice of tax deficiency.

Court Order #29, pgs. 22-23, ¶XXII.

Upon careful consideration of the matter, review of the interested parties' pleadings, and relevant caselaw, the Court will deny the motions. It is the Court's considered opinion that the lawsuits filed by the movants do not fit any of the exemptions as listed in the TRO, and would significantly interfere with the Receiver's ability to perform its duties, would divert estate resources to litigation interfering with an equitable distribution of estate assets (if necessary), and more importantly, interfere with this Court's ability to fully adjudicate the legal quagmire presently pending before the Court.

Accordingly,

**IT IS HEREBY ORDERED** that movants Stevens and Nope's motion to lift stay (#54) and renewed motion to lift stay (#86) be and are **DENIED.**

**IT IS FINALLY ORDERED** that movant Pepper Financial Corp.'s motion for leave to lift stay (#110) be and is **DENIED**.

Dated this __30th__ day of March, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE