**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:96CV02225 SNL |
| ) | |
| RICHARD C. NEISWONGER, et al., ) | |
| ) | |
| Defendants, ) | |

### ORDER GRANTING TEMPORARY RECEIVER'S MOTION FOR INSTRUCTIONS REGARDING DISPOSITION OF BANK ACCOUNTS OF CORPORATE SERVICES CUSTOMERS, APPROVAL OF PROPOSED STIPULATION REGARDING PROCEDURES FOR DISPOSITION OF ACCOUNTS AND RELATED MATTERS

The Temporary Receiver's Motion for Instructions Regarding Disposition of Bank Accounts of Corporate Services Customers, Approval of Proposed Stipulation Regarding Procedures for Disposition of Accounts and Related Matters in Light of Suspension of Corporate Services Business ("Motion") filed by Robb Evans as Temporary Receiver ("Receiver") of Asset Protection Group, Inc. ("APGI") and its subsidiaries, affiliates, divisions, successors and assigns ("Receivership Defendants") having been duly filed and served on the interested parties, and no opposition or response to the Motion having been timely filed under the applicable Local Civil Rules for the United States District Court for the Eastern District of Missouri, and the Court having read and considered the Motion and the pleadings and papers filed in support thereof, and good cause appearing,

IT IS ORDERED that:

1. The Motion and all relief sought therein is hereby granted in its entirety;

2. Without limiting the generality of the foregoing, the Receiver's proposed Stipulation Regarding Procedures for Disposition of Accounts ("Stipulation") with Bank of

Nevada, a copy of which is attached as Exhibit 4 to the Declaration of M. Val Miller filed in support of the Motion, is hereby approved;

3. The procedures proposed by the Receiver to be employed to locate the beneficial account holders and turn over the funds in the bank accounts at Bank of Nevada to such account holders proposed by the Receiver in the Motion are hereby approved, including without limitation the following:

A. The Receiver is authorized to place a hold on all accounts of customers of Asset Protection Group, Inc. ("APGI") established at Bank of Nevada in connection with the corporate services offered to such customers by APGI;

B. The Receiver is authorized to facilitate the closing of the accounts established at Bank of Nevada by APGI on behalf of APGI's customers, and Bank of Nevada can rely on and act in accordance with the Receiver's instructions regarding the closure of the accounts and disposition of the funds in the accounts;

C. The Receiver is authorized to direct Bank of Nevada to place a continuing administrative freeze on all of the corporate accounts established by APGI for its customers at Bank of Nevada in connection with APGI's corporate services business such that no funds may be deposited into the accounts or withdrawn from the accounts except that (a) the bank hold or administrative freeze for such accounts shall not prevent an authorized co-signor on an account, other than William S. Reed ("Reed"), to transact withdrawals and transfers regarding the account; and (b) the bank hold also will not prevent electronic funds transfers or merchant account transfers from being transacted, provided however, that the Receiver on behalf of APGI will nevertheless have the authority to direct the APGI customer to take steps to close the account as part of the closure of APGI's corporate services business notwithstanding that the account has authorized co-signors other than Reed and/or that the account is a merchant account;

D. The Receiver shall deliver written notice by mail to all corporations and the persons who appear to be associated with the corporations formed by APGI on behalf of its customers based on the receivership records, including files located by the Receiver for each of

the corporate customers, which notice shall advise the corporate customer of the cessation of business by APGI, that the corporation's bank account established by APGI through Reed has been frozen, and that funds will only be released from the bank account to the beneficial owner of the account;

  E. To the extent the Receiver does not have sufficient information from the receivership records and other sources, corporate customers will be required to supply proof of the beneficial ownership of the account to the satisfaction of the Receiver prior to funds being released from the account;

  F. As to all APGI customers and customer bank accounts as to which the Receiver is able to confirm the identity of the beneficial owner(s) of the customer and the account ("Owner") based on proof satisfactory to the Receiver, Bank of Nevada ("Bank") shall be authorized to close the APGI customer account and shall close the APGI customer account upon receipt of written notification to the Bank and the Owner from the Receiver of the identity of the Owner ("Bank/Owner Account Notification"), which notification shall include the Owner's identification, address and any other known contact information and shall advise the Owner that the APGI customer bank account will be closed and the funds disbursed by check payable to the Owner at the address specified in the Bank/Owner Account Notification unless written instructions are received by the Bank from the Owner within ten days of the date of the letter giving the Bank different instructions regarding the address to which the funds should be directed. The Bank shall close the bank account and issue a check disbursing the balance of funds in the account to the Owner at the address of the Owner identified by the Receiver in the Bank/Owner Account Notification unless the Bank timely receives different instructions from the Owner identified in the Bank/Owner Account Notification regarding the address to which the funds should be directed;

  F. If there is a dispute as to who constitutes the beneficial owner of a customer's account and/or concerning the sufficiency of proof of the beneficial ownership of the account, the Receiver and/or the claimed beneficial account holder may seek determination of

the ownership of the account through appropriate motion proceedings before this Court, and the Bank may continue the administrative freeze imposed on the account pending resolution of the ownership of the account; and

G. To the extent that no person comes forward to claim a beneficial ownership interest in the corporation or the bank account, the Bank is authorized to continue to maintain an administrative freeze regarding the account, and the Receiver shall apprise the Court and seek further instructions based on his investigation into the account, the corporation and the funds at that time, provided however, the Bank's continuing administrative freeze is subject to Nevada law relating to dormant accounts and escheatment.

Dated: 3 April '07

_____
STEPHEN N. LIMBAUGH
Senior United States District Judge
United States District Court for the
Eastern District of Missouri

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 22nd day of February 2007, the foregoing document was filed electronically with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon the following:

Joshua S. Millard
Melinda Claybaugh
Federal Trade Commission
Division of Enforcement
Bureau of Consumer Protection
600 Pennsylvania Avenue, N.W.
Suite NJ-2122
Washington, D.C. 20580
(202) 326-2454 (Telephone)
(202) 326-2558 (Fax)
jmillard@ftc.gov
mclaybaugh@ftc.gov
*Attorneys for Plaintiff*


Leonard J. Frankel
Frankel, Rubin, Bond, Dubin,
Siegel & Klein, P.C.
231 S. Bemiston, Suite 1111
St. Louis, MO 63105-1914
(314) 725-8000 (Telephone)
(314) 726-5837 (Fax)
lfrankel@frankelrubin.com
*Attorney for Defendant William Reed*

and served by U.S. Mail, Postage prepaid, upon the following non-participants in Electronic Case Filing:

Asset Protection Group, Inc.
4601 West Sahara Avenue, Suite I
Las Vegas, NV 89102

Robert T. McAllister, P.C.
455 Sherman Street, Suite 310
Denver, CO 80203-4404
*Attorney for Defendant Richard Neiswonger*


By: ___s/Erik O. Solverud___
Erik O. Solverud, #61269

230687.1