UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:96CV2225SNL |
| ) | |
| **RICHARD C. NEISWONGER, ET. AL.,** ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant Neiswonger's motion in limine and request for a hearing (#243), filed April 11, 2008. Extensive responsive pleadings have been filed by all interested parties. This matter is now ripe for disposition.

Neiswonger's motion is a challenge to the Declaration of Brick Kane Constituting Special Report of Receiver Dated March 26, 2008 Relating to the Accounting of Funds Obtained by Richard C. Neiswonger and William S. Reed (#236), filed March 28, 2008. This Report provides the basis for the Receiver's Proposed Amended Civil Contempt Order (#237), filed April 4, 2008. Neiswonger challenges the Report as the conclusion of an "expert" which does not meet the requirements of Rule 26 Fed.R.Civ.Proc. or Rule 706 of the Fed.R.Evid. Furthermore, he contends that the Report lacks an adequate evidentiary foundation as to the source of the funds or as to any direct connection to him. Finally, defendant Neiswonger believes he is entitled to an evidentiary hearing to challenge Mr. Kane and the basis of his report. Both the Receiver and the FTC respond in like that the underlying data supporting Mr. Kane's analysis and conclusions came directly from Neiswonger and Reed's own financial reports, documents, statements, etc. They further point out that Mr. Kane was not acting as an "expert" in drafting the report but

rather was carrying out this Court's directive that the Receiver file a final accounting of Defendants Neiswonger and Reed's proceeds each obtained from the advertising, marketing, promotion, and sales of the APGI Program. *See*, FTC v. Neiswonger, et. al., 494 F.Supp.2d. 1067, 1082 n.20 (E.D.Mo. 2007). Finally, they note that Neiswonger and his counsel had ample opportunity to challenge the evidence upon which the April 2007 contempt order and the proposed amended contempt order is based upon, but chose not to present any evidence on his behalf to controvert the FTC's evidence or the Receiver's findings, and should not be allowed to do so now.

The Court has carefully reviewed the motion, the responsive pleadings, Mr. Kane's Report, the April 2007 Contempt Order, various transcribed portions of the previous evidentiary hearing, as well as the Court's own notes of said hearing. The Court concurs with the points made by the Receiver and the FTC. Mr. Kane, the C.O.O. of Robb Evans & Associates, the Court- appointed Receiver in this case, has filed an exhaustive report at the direction of this Court. He is not acting in the capacity of an "expert" but rather as a fiduciary agent of this Court. This Court specifically directed the Receiver to file a "final accounting" of the proceeds each defendant (Neiswonger and Reed) obtained from the advertising, marketing, promotion, and sales of the APGI Program. Defendant Reed had a full and complete opportunity to challenge the evidence and testimony presented at the prior contempt hearing but chose not to do so. At that time, the Court had made a preliminary finding that the subject proceeds amounted to $3,089,031.10 for Neiswonger and $4,932,831.86 for Reed. Again, Neiswonger failed to challenge that finding. It would be nothing less than an unnecessary delay to hold a new hearing on the disgorgement amount when such a hearing is unwarranted since the amended final disgorgement amount relies on the same financial data as the preliminary disgorgement amount,

and upon the same findings of violations by this Court. There is no genuine dispute of material fact regarding the final accounting of the disgorgement amount, and the Court will not strike Mr. Kane's Report nor entertain a second hearing on this matter.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Neiswonger's motion in limine and request for an evidentiary hearing (#243) be and is **DENIED.**

Dated this ___29th___ day of July, 2008.

_____
SENIOR UNITED STATES DISTRICT JUDGE